NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHISLAINE CANGE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-764-MSG |
| HON. JACK MARKELL, et al., | : |
| Defendants. | : |

Goldberg, J.                                                                                                   November 7, 2011

**MEMORANDUM OPINION**

Pro se Plaintiff Chislaine Cange ("Plaintiff"), has filed a civil rights complaint against numerous Delaware officials alleging violations of 42 U.S.C. §§ 1981(a), 1983, 1985(3), and 1988. Plaintiff's allegations stem from an apparent August 11, 2009 arrest on a capias, or warrant, that was never cleared from the computer records system. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, we conclude that Plaintiff's Complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint and its exhibits and are accepted as true for purposes of this review. (D.I. 2.)

Plaintiff filed her Complaint on August 31, 2011. On August 11, 2009, Plaintiff was stopped for a motor vehicle violation by a Millsboro, Delaware police officer. A warrant appeared to be active, Plaintiff was "locked up" and, it appears, she spent the night in jail. Due to a court clerical error, the capias, or warrant, issued by the Delaware Court of Common Pleas in May of 1998 was never "cleared" from the computer records system even though Plaintiff had appeared in court and resolved the charges in July of 1998. Plaintiff, who is Haitian, alleges that she would not have been arrested were she a "White Caucasian." Plaintiff claims violations of 42 U.S.C. §§ 1981(a), 1983, 1985(3), and 1988. She seeks $1.5 million dollars in compensatory damages and $10.5 million dollars in punitive damages.

## II.  STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless"

2

or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for

relief."[1]  Id. at 211.  In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  Iqbal, 129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   DISCUSSION

### A.  Pleading Deficiencies

Plaintiff's allegations fail to state any claim upon which relief may be granted.  Some of the statutory provisions cited within the Complaint are facially inapplicable to the factual averments stated therein.  For example, Plaintiff purports to rely on 42 U.S.C. § 1981 which prohibits racial discrimination in the making and enforcement of contracts and property transactions and 42 U.S.C. § 1988 which has been construed to mean that in the absence of an explicit federal statute of limitations applicable to the particular claim at issue, "the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law."  Wilson v. Garcia, 471 U.S. 261, 269 (1985); See 42 U.S.C. § 1988(a).

However, no private right of action against state actors can be implied under § 1981 beyond that which is already provided for by 42 U.S.C. § 1983.  See McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009).  In addition, no private right of action exists under 42 U.S.C. § 1988.

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

See Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973); Carpenter v. Ashby, 351 F. App'x 684, 687 (3d Cir. 2009) (not published).

Accordingly, the Court will dismiss the § 1981 and § 1988 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). As will be discussed, Plaintiff's remaining claims under 42 U.S.C. § 1983 and § 1985 are time-barred.

B. Statute of Limitations

Section 1983 provides a private right of action to [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ." 42 U.S.C. § 1983. Section 1985 pertains to conspiracies to interfere with civil rights. 42 U.S.C. § 1985.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." Sameraic Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Insofar as Plaintiff seeks relief under 42 U.S.C. § 1985, the same two-year limitations period applies. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund

5

v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Davis v. Gauby, 408 F. App'x 524, 526 (3d Cir. 2010) (not published) (quoting Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).

The incident of which Plaintiff complains occurred on August 11, 2009, yet Plaintiff did not file her Complaint until August 31, 2011, almost three weeks after the expiration of the limitations period. Hence, it is evident from the face of the Complaint that Plaintiff's § 1983 and § 1985 claims are barred by the two year limitations period.

Because Plaintiff's allegations are time-barred the Court will dismiss the § 1983 and § 1985 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

## IV. CONCLUSION

For the reasons established above, and because I find allowing Plaintiff leave to amend her complaint would be futile, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Our Order follows.

---

[2]Dismissal is also appropriate inasmuch as the Complaint fails to allege personal involvement as is required for a § 1983 claim. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Further, the Complaint fails to allege facts giving rise to a plausible claim that a racial or other class-based invidious discriminatory animus lay behind Defendants' alleged actions. See Brown v. Philip Morris, Inc., 250 F.3d 789, 805 (3d Cir. 2001).